A judgment and decree making the injunction perpetual will therefore be entered for the plaintiff.

*Judgment and decree for plaintiff.*

OVERMYER and LLOYD, JJ., concur.

DEVERS *v.* SCHREIBER, EXR.

(Decided April 15, 1935.)

*Mr. Harry Neal Smith,* for plaintiff in error.
*Mr. George H. Kattenhorn* and *Mr. August A. Rendigs, Jr.,* for defendant in error.

HAMILTON, J. The question for determination is whether appeal will lie to the Court of Common Pleas from a judgment rendered in a proceeding in the Probate Court.

Albert B. Devers, plaintiff in error, filed in the Probate Court a paper writing, designated "petition for

leave to file claim." The body of the so-called petition was as follows:

"Now comes Albert B. Devers and represents to the court that he was the family and personal physician of Anna Louise Schreiber, deceased, and that he has a claim against said estate for professional services and medical attention rendered the deceased during her last illness. That said claim amounts to the sum of $5450, but that said claim was, through inadvertence and through mistake of fact, not presented to the executor within the time required by law.

"That said estate of Anna Louise Schreiber has not been distributed and is wholly sufficient to pay all debts and charges including the claim of the petitioner for professional services and medical attention rendered the deceased during her last illness.

"Wherefore your petitioner prays that the court allow said claim and direct said Leonard G. Schreiber as administrator of said estate to allow and pay same. And for such other and further order or orders to which he may be entitled in the premises."

On motion to strike the so-called petition from the files of the Probate Court, the court granted the motion, stating in the judgment entry that because of not having jurisdiction the court "does grant said motion and does strike said petition from its files." From that judgment entry, Devers filed an appeal to the Court of Common Pleas. On motion, the Court of Common Pleas dismissed the appeal upon the ground that the order of the Probate Court sought to be appealed from is not appealable under the statutes of Ohio. From that judgment of the Court of Common Pleas, dismissing the appeal, Devers prosecutes error to this court.

The correctness of the order of the Probate Court dismissing the so-called petition is not before us. The sole question for our determination is: Is the judg-

ment of dismissal appealable to the Court of Common Pleas? If appealable, the judgment will have to be reversed.

The right to appeal to the Common Pleas Court from the Probate Court must be found under favor of Section 10501-56, General Code, the pertinent part of which is as follows:

"Appeal may be taken to the common pleas court, by a person against whom it is made, or whom it affects, from any order, decision or judgment of the probate court in settling the accounts of an executor, administrator, guardian and trustee * * *."

It is argued by counsel for plaintiff in error here that the petition for leave to file claim is within the provision of the statute "settling the accounts of an executor." In construing the provision of this section of the code, it must be considered that the Legislature had in mind the usual designated terms. The account of an executor has a well-recognized meaning. It means the filing with the Probate Court the statement of receipts and disbursements in the estate. To give it the construction sought by the plaintiff in error, the court would have to read into the section "settling of the estate." If that were in the statute, it would permit an appeal such as we have under consideration, as it would be concerned in the settling of the estate; but the proceeding can in no wise be construed as the settling of the executor's account. Since the statute does not grant the right of appeal in a proceeding such as we have here the Court of Common Pleas was correct in dismissing the appeal, and its judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., and MATTHEWS, J., concur.