## KIRK v. LINDSEY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1329.  Decided June 10, 1935

Benjamin Horn, Dayton, Heald, Zimmerman, Clark & Machle, Dayton, for plaintiff in error.

Pickrel, Schaeffer, Harshman & Young, Dayton, for defendant in error.

**OPINION**

By HORNBECK, J.

We have been favored by the opinions of Judge Snediker in sustaining the supplemental motion to dismiss and upon the application for rehearing filed by plaintiff in error. The judge predicated his determination upon the one proposition that plaintiff in error had misconceived his proceeding on review and that the cause was not appealable.

It is probable that this was the only question that was properly before the court, inasmuch as another branch of the Common Pleas Court had theretofore passed upon all grounds of the supplemental motion, save that which urged the question that the judgment of the Probate Judge in behalf of defendant in error could not be appealed from.

The petition in error sets forth seven grounds and in the extended brief in behalf of plaintiff in error many propositions are urged touching the action of the Probate Court in reference to the schedule of debts as returned by the executor; the method of taking of testimony by the referees in the hearing on the claim of defendant in error against the estate; the failure of the executor to file the schedule of debts within the time fixed by statute; the claimed failure of the executor to give notice to plaintiff in error of the time and place of the reference and other grounds.

In our judgment there is but one proper question before this court for determination, namely, did the trial court err in its conclusion that appeal was not the proper proceeding to review the judgment of the Probate Court in behalf of defendant in error on the award of the referees.

The Common Pleas Court did not properly have before it any question of the right to review any action taken respecting the schedule of debts for two reasons: (1) The appeal proceedings were perfected prior to any action of the trial court on the return of the schedule of debts and (2) There is no final order or judgment of the Probate Court allowing or refusing to allow the exceptions of plaintiff in error to the schedule of debts as returned by the executor.

Was the cause appealable from the Probate Court to the Common Pleas Court?

It is fundamental that the right to a review of a judgment in the Common Pleas Court, the form of review and the procedural requirements incident thereto, are all subjects of legislative action.

**Article IV, Paragraph 4, Ohio Constitution,** reads:

"The jurisdiction of the Courts of Common Pleas, and of the judges thereof shall be fixed by law."

**Mattone v Argentina, 123 Oh St, 393;**
**State v Belenski, 20 Oh Ap, 141.**

Unless power to hear appeals is found in the statute none exists in the Common Pleas Court. **Pullman Co. v Automobile Insurance Co., 107 Oh St 284.**

Upon consideration of the statutes we find but five which are germane to our question, namely, §§10509-120, 10509-109, 10501-56, 12148-15, and 12241, GC.

**Sec 10509-120 GC** provides:

"When a person interested in an estate files exceptions to the schedule of debts, in the Probate Court, either party may appeal from its finding, order, or judgment or hearing thereof, to the Court of Common Pleas."

We have noted that this method of review was not available to plaintiff in error because at the time of the notice of appeal and the giving of a bond in the Probate Court there was no final order or judgment of that court upon the exceptions to the schedule of debts.

Sec 10509-109 GC reads:

"When an executor or administrator asks the allowance of a debt or claim for more than one hundred dollars against the estate of the decedent, an appeal may be taken by any person affected thereby to the Common Pleas Court from an order or judgment of the Probate Court, allowing or disallowing it, or any part thereof."

It is obvious that the judgment in behalf of defendant in error is not a debt or claim within the purview of the section, nor is there any action by the executor or administrator respecting said judgment which could be construed as "asking the allowance of a debt or claim."

In §10501-56 GC, is set forth all of the orders, decisions or judgments of the Probate Court from which appeal may be prosecuted to the Common Pleas Court as provided in the new Probate Code, in this language:

"Appeal may be taken to the Common Pleas Court, by a person against whom it is made. or whom it affects, from any order, decision or judgment of the Probate Court in settling the accounts of an executor, administrator, guardian and trustee * * * The cause so appealed shall be tried, heard and decided in the Court of Common Pleas in the same manner as though the Court of Common Pleas had original jurisdiction thereof."

**Anderson v Baker, Admr.. etc., 15 Oh St 173,** is interesting in the light of §12148-15 GC, which provides:

"An appeal or proceeding in error may be taken from an order, confirming, modifying, correcting or vacating an award, or from judgment entered upon an award, as from an order or judgment in an action in equity, or at law, as the case may be."

The court had under consideration an act analogous to §§10509-115 to 10519-117 GC, inclusive. It was held that the Probate Court could do no more with the award of the referees than to approve it, and that the reference must be perfected and the report of the referees made to the Court of Common Pleas and therein disposed of and final judgment entered. However, the statute analogous to §10509-116 GC, the 88th section of the Administration Act of March 23, 1840 (S & C's Stat., 582), provided:

"Upon filing the agreement of reference and the approval of the judge, with the clerk of the Court of Common Pleas, he shall docket the cause and enter a rule referring the matter in controversy to the persons so selected."

Sec 10509-116 GC now provides that the Probate Judge shall docket the cause and make an order referring the matter in controversy to the referee so selected.

The cited case holds that "the court" mentioned in the sections there under consideration was the Court of Common Pleas. In §10509-117 GC the court to which the referees are directed to make their report is the Probate Court. §12148-15 GC is a part of the Ohio Arbitration Act to which it relates and was effective July 28, 1931.

The Probate Code, in which are found the sections under which the award in the instant case was made was not effective until January 1, 1932. The sections defining the appellate and error jurisdiction of the Common Pleas Court from the Probate Court are a part of the same act.

Sec 12241 GC defines the error jurisdiction of the Common Pleas Court as follows:

"An order made by a Probate Court, removing or refusing to remove an executor, * * * and a judgment rendered or final order made by a Probate Court, * * * may be reversed, vacated, or modified by the Common Pleas Court."

It is our judgment that the sections which we have quoted from the Probate Code and certain others found in said Code, have special application to and control the method of review by the Common Pleas Court of final orders and judgments of the Probate Court; that the review of the judgment on the award in this case is not predicated upon §12148-15 GC, which has application to review from a judgment on an award originating in the Common Pleas Court.

Unless, then, we find the classification under §10501-56 GC in which the order of the Probate Court on the award in behalf of defendant in error can be placed, plaintiff in error had no right of appeal. We find no such classification.

The final order was a judgment of the Probate Court in a special statutory proceeding. The review available to the plaintiff in error to test the judgment of the Probate Court (assuming that procedural requisites had been observed) was by error and not by appeal. Such right is found within the phraseology of §12241 GC, wherein it is provided that "a judgment rendered or final order made by Probate Court, * * * may be reversed, vacated or modified by the Common Pleas Court."

The review contemplated by the section is clearly that of error.

The judgment of the trial court will, therefore be affirmed.

BARNES, PJ, and BODEY, J, concur.

## ON APPLICATION FOR REHEARING

Decided June 29, 1935

By THE COURT

Submitted on application of plaintiff in error for rehearing. The application consists of six branches. The principal and determining question, as we stated in our opinion, was whether or not the Common Pleas Court was correct in determining that appeal was not the proper procedure by which to come to the Common Pleas Court from the final order of the Probate Court. This having been determined against the contention of plaintiff in error, all other matters were incidental and could properly have been disregarded. However, we gave them considerable attention and believe that we have sufficiently expressed our viewpoint respecting them.

Upon further consideration of the controlling question in this case, we are of the same opinion as announced heretofore. The application will, therefore, be overruled.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.