## WHITE, ESTATE OF, In Re
## EMMONS v TRUSTEES OF MASONIC TEMPLE ASSN

Ohio Appeals, 2nd Dist, Shelby Co

Nos 94, 95, 96. Decided Jan 27, 1936

H. H. Needles, Sidney, for plaintiff in error.

H. K. Forsyth, Sidney, for defendant in error.

**OPINION**

By BODEY, J.

We have examined the written opinion rendered by this court which is referred to in these motions to dismiss. The court had before it the disposition of exceptions which had been filed to the third and final account of W. J. Emmons, executor of this estate. The Probate Court and the Common Pleas Court had overruled the exceptions. The exceptions involved three separate payments on account of attorney fees to the law firm of Emmons & Wycoff. The record disclosed that the claim for these attorney fees had not been passed upon by the Probate Court under §§10727 and 10728 GC. This court held that it was necessary that such sections be complied with and the court sustained the exceptions to the third and final account because of the failure to comply with the above mentioned sections of the Code. As stated in the opinion the court did not pass upon the character of the service rendered or the nature of the proof offered in support of the claims of the defendant in error. In its journal entry, this court provided: "that that part of the judgment rendered by the court below to which the proceedings in error herein have been prosecuted be reversed and held for naught. And that the plaintiffs in error recover from the defendant in error their costs herein expended, taxed at $....... It is further ordered and adjudged that the cause be remanded to the Common Pleas Court for judgment in accordance with the above finding, and that a special mandate therefor be sent to said court." Thereafter, acting upon that mandate, the Common Pleas Court adjudged and decreed that the three exceptions to the executor's account were well taken and the court ordered the executor to account to the estate in each instance for the amount stricken out on each exception together with interest. The Court of Common Pleas concluded its entry with the following clause: "It is further ordered and adjudged that said executor pay the costs of this case, including the sum of $75.00, expended by the trustees of the Masonic Temple Association, exceptors herein." The opinion of this court is conclusive that the exceptions were sustained because of a noncompliance with statutory procedural requirements solely and not on their merits.

"A judgment rendered on any grounds which do not involve the merits of the action cannot be used as a basis for the operation of the doctrine of res adjudicata. An adjudication made on grounds purely technical, and where the merits could not come into question, is limited to the point actually decided."

23 O. Jur., 1003, §784.

A consideration of the former opinion of this court, its mandate and the order of the lower court entered thereon does not lead us to the conclusion that the questions here presented are res adjudicata. Motions to dismiss the error proceeding in each case, are, therefore, overruled.

Since the court is of the opinion that the motions in the instant case are not well taken, it must necessarily follow that the Common Pleas Court should not have dismissed the separate appeals on the ground that the questions raised were res adjudicata unless no prejudicial error thereby resulted to the plaintiff in error. In other words, if the appeals should have been dismissed for some other reason, the action of the Common Pleas Court may be sustained although it gave the wrong reason for its action, 2 O. Jur., 627, §580. The Probate Code sets forth in various sections matters which may be appealed to the Common Pleas Court. These sections are referred to and commented upon in an opinion of Hornbeck, J., in the case of Kirk v Lindsey, decided by this court June 10, 1935, found in 19 Abs 505, and in the weekly issue of October 19, 1935. The only section of the Probate Code which would authorize appeal to the Common Pleas Court in any of these three cases is §10501-56 GC. That section is in part as follows:

"Appeal may be taken to the Common Pleas Court, by a person against whom it is made, or whom it affects, from any order, decision or judgment of the Probate Court in settling the accounts of an executor, administrator, guardian and trustee * * *."

The order entered by the Probate Court in Case No. 94, in which it refused to extend the time for accounting is not an order settling an account of the executor, Emmons; neither is the order striking the fourth and final account from the files which was made in Case No. 95 such an order. In our judgment, neither of these orders could be taken to the Common Pleas Court on appeal. Since the orders in Case No. 94 and Case No. 95 were not appealable under the Probate Code, the Common Pleas Court sua sponte could have dismissed said proceedings for want of jurisdiction. If these two cases were reversed by this court, the Common Pleas Court could then dismiss the appeal on its own motion. A review of the action taken in these two cases leads the court to the conclusion that the plaintiff in error was not prejudiced by the actions of the trial court in dismissing the appeals. Since the court is of that opinion, it follows that the judgment of the Common Pleas Court in Case. No. 94 and Case No. 95 is affirmed. Exceptions may be noted.

Case No. 96 was clearly appealable under §10501-56 GC, supra. By the entry made by the Probate Court in this case, it disposed of the balance shown to exist in the third and final account, together with the amounts of money represented by those items to which exceptions had been sustained by this court. This was a proper procedure unless there were other or additional credits which might be claimed by the executor. The record does not disclose that the executor was ordered to pay the costs of the former proceeding. He was entitled to credit therefor. Although the action of the court may have been regular in so far as it pertained to the credits ruled out by the exceptions, it was irregular in so far as it affected other or additional credits which may have accrued to the executor since the filing of the origial account. If any such credits existed in addition to that for costs above mentioned, they were not included in the former judgment of this court on the exceptions. It is the opinion of the court that the appeal should have been heard by the Common Pleas Court to the end that the executor might have been credited with payment of costs at least, and that prejudicial error intervened when that court sustained the motion to dismiss. For that reason, the judgment will be reversed in Case No. 96 and that cause remanded to the Court of Common Pleas. Exceptions may be noted.

HORNBECK, J, concurs.

BARNES, PJ, not participating.