## GARIETY v DOORLEY, Guardian

Ohio Appeals, 2nd Dist, Shelby Co.

No. 115.   Decided Jan. 12, 1940.

Frank H. Marshall, Sidney, and E. J. Garmhausen, Sidney, for appellant.
U. H. Doorley, Sidney, for appellee.

### OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from an order of the Common Pleas Court dismissing the appeal of appellant herein for the reason that the case was not appealable and that the appellant did not have the right of appeal.

The pertinent facts are that the appellee, Urban H. Doorley, is the duly appointed guardian of Lawrence Gariety, an incompetent. The guardian by application sought authority from the Probate Court to enter into a contract with Viola Luthman, sister of the incompetent, to provide him home, care, room and board for a yearly charge of $125.00. Upon hearing the court granted the order. The order was made of date March 6, 1939, and on March 18, 1939, appellant filed "an application for rehearing," which the court on that date overruled.

The errors assigned to the order of the Common Pleas Court dismissing the appeal present two questions:

(1)  Is the order of the Probate Court one from which an appeal may be prosecuted under §10501-56 GC?

(2)  Is the appellant one who has the right to appeal from the order by virtue of said §10501-56 GC?

Sec. 10501-56 GC, effective at the time of the appeal to the Common Pleas Court, in so far as germane to our question, provides:

"Appeal may be taken to the Common Pleas Court, by a person against whom it is made, **or whom it** affects, **from any order,** * * * of the Probate Court **in settling the accounts of a** * * * **guardian** * * *, * * *. The cause so appealed shall be tried, heard and decided in the Court of Common Pleas in the same manner as though the Court of Common Pleas had original jurisdiction thereof." (Emphasis ours).

The first question for consideration is, was the order of the Probate Court made "in settling the accounts of the guardian?"

In support of the appeal we are cited to several cases, namely:

**Trumpler, Admr. v Royer et, 95 Oh St 194;**

Kern et v Heilker et, 9 OO 437;
Sampson v Mattern, et, 18 Abs 693;
In Re: Valentine, 6 Abs 606;
Johns, Guardian v Shamansky, 18
Abs 675.

Trumpler v Royer, supra, is entitled to the most weight as it is a Supreme Court opinion. It there appeared that attorneys had been employed by an executor and administrator de bonis non to represent the fiduciaries on behalf of the estate in resisting an action to set aside a will and had performed services pursuant to that employment. The administrator de bonis non refused to allow the claim for said services. Whereupon the attorneys applied to the court for an order requiring the administrator to pay the claim and gave due notice of the application to all parties in interest. The court allowed the claim and fixed the value of the services at $400.00, which action the Supreme Court supported and held that the order was made in settling the accounts of the administrator.

Johns, Guardian v Shamansky, supra, holds that

"An order of the Probate Court requiring the guardian of an incompetent veteran to pay the bill of a physician who rendered medical services for the wife of the ward without the request of the guardian is an order 'settling the accounts' of a guardian within §10501-56 GC., authorizing an appeal to the Common Pleas Court."

These two cases are the nearest in point of any cited. In Trumpler v Royer, it was urged that the words "in settling the accounts of an executor," etc., mean the settlement of the accounts between the executor and the estate and that the question whether the attorneys were entitled to anything had to be determined and so long as it remained undetermined, credit for the payment thereof could not have been taken by the executor or administrator and could not have been included as an item of any account, and therefore had no relation to

the settling of an account or an item thereof. The court cites with approval McMahon, Admr. v Ambach & Co., et 79 Oh St 103, holding that the allowance to an administrator for extraordinary services in the settlement of the estate is part of the statement of his account and that if this allowance be determined before settlement of the account it could not prejudice the rights of those interested in the settlement of the estate who had notice of the application to fix the fees.

An examination of the order of the Probate Court discloses that it authorizes and directs the guardian to enter into a agreement with Viola Luthman, whereby she is to provide a home for him in the future upon an annual payment to her but further fixes the time from which the payment shall begin as of the date of October 5, 1938, which was some six months prior to the date of the order.

If the authorization to the guardian related only to a contract to be entered into for future care and attention to be provided the ward we would be inclined to say that there was no account settled for the obvious reason that no account then existed in favor of Viola Luthman and against the guardian. The order then would be authority to the guardian to create an account, which might or might not be exercised.

The order as to past services rendered is in a different status and we are unable to differentiate on principle from the order in the Trumpler case.

It is the duty of the guardian of the estate of an incompetent "to obey all orders and judgments of the proper courts touching the guardianship." §10507-15, GC. Thus, by the order it became the obligation of the guardian to pay for past services in a sum fixed and certain and clothed Viola Luthman with authority to collect said sum. The order was to all intents and purposes the settling of an account in so far as it covered the amount found to be due for the six months prior to the order, of which appellant later had

knowledge and as to which by his action he admits notice.

The second question is, has the appellant the capacity under §10501-56, GC, to prosecute an appeal from the order of the Probate Court?

The statute recites that the "appeal may be taken to the Common Pleas Court, by a person against whom it is made, or whom it affects, * * *." The appellant is the brother of the incompetent, resident of Shelby County. Is he one whom the order affects?

One case is cited: Re: Guardianship of Faulder, 1 OO 62, 33 N. P., N. S. 10, where it was held that,

"Under guardianship of an incompetent person from physical disability alone where guardian is appointed with the consent of such incompetent, under §10506-85, GC, a brother is not an 'interested person' who may file exceptions to an inventory or an account made or rendered by the guardian of such incompetent but under guardianship of an imbecile the contrary is true, that is, a brother or even a stranger is an interested person who may file such exceptions."

Although Re Guardianship of Oliver, 9 N. P., (N.S.) 178, aff. Circuit Court, 55 W. L. B. 336, and Re Murray, 8 O. C. C., (N.S.) 49, are helpful by analogy, we are without precedent upon the question presented. The Faulder case, which we have cited, is authority only as to who is an interested person under §10506-85, GC, where the guardianship is for an incompetent person because of physical disability. There is obiter, however, which is carried into the head-note to the effect that if the appointment had been for imbecility which is related to mental incompetency a brother of the ward would have been an interested person.

We assume from the record in the Probate Court in this case that the incompetency of the ward was not that of physical disability, but some other disability or infirmity set out in §10507-1, GC. We say this because neither the application nor the order of appointment recites more than that the ward is an incompetent person. §10507-2, GC, is to effect that a guardian may not be named for one who is incompetent by reason of physical disability unless he first consents to the appointment of a guardian. A presumption of validity attends the action of the Probate Court in the appointment of the guardian in the situation thus presented. It follows that the incompetency of the ward was by reason of improvidence or mental disability or infirmity. The law in this situation should be so construed as to provide every protection for the person and property of the incompetent which its terms will permit.

The order in this case directly affects only the guardian, the ward and Viola Luthman. Although the order may be against the estate of the guardian it is in accord with his request and desire and therefore can not be said to be adverse to him, in fact. The order affects no persons other than those whom we have mentioned in a pecuniary sense except as to the possibility that a next of kin might have some interest in the event that the incompetent should leave some estate at his death. This possibility in itself is so remote that from it alone we would not say that the order affects any next of kin. It is probable, however, that the term, "whom it affects" is used in a broader sense than one whom it affects pecuniarily.

The guardian for an incompetent can be named only after notice served upon the known next of kin of such person, * * *, known to reside in the county in which the application is made. Thus, the statute recognizes that the known next of kin resident in the county in which the application for the appointment is made are affected to the extent at least that they should be notified and have opportunity to appear, consent or contest the appointment. We are of opinion that those who stand in such relation to the incompetent may be said to be those who are affected by any order taken in the guardianship matter.

We recognize that both errors assigned raise very close questions of law upon which there may very well be difference of opinion. We announce our best judgment on the law controlling and in so doing are more satisfied upon our conclusion as to the first error assigned than as to the second.

Counsel will, of course, appreciate that the errors assigned raise only the one question whether or not the Court of Common Pleas should have dismissed the appeal and that we are not called upon to express any opinion on the merits of the appeal to the Common Pleas Court.

We hold that the Common Pleas Court should have overruled the motion to dismiss the appeal, should entertain it and pass upon the merits of the cause.

Judgment reversed and cause remanded.

GEIGER & BARNES, JJ., concur.