## MEIER, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Franklin Co.

Decided October 15, 1940

Baldwin & Nolan, Columbus, for appellees.

E. O. Ricketts, Columbus, and Joy H. Hunt, Columbus, for appellant.

## OPINION

By GEIGER, J.

This case had its inception in the Probate Court. An appeal was taken from the decision of that court to the Court of Common Pleas on "law and fact," and upon motion was dismissed. The action in this court is on appeal from the judgment of the Court of Common Pleas dismissing the appeal from the Probate Court.

In the Probate Court in a case styled "In the Matter of the Estate of Carrie Meier," an action was filed to determine heirship and distribution under §10509-95 et seq GC.

The pleadings in the Probate Court do not appear among the papers, but we assume that they were the ordinary pleadings in such a case to determine heirship, and that the amended answer and cross-petition filed in the Court of Common Pleas relates to the matter that was asserted in the Probate Court by the cross-petition.

Frederick Meier, upon leave granted by Court of Common Pleas, filed in that court his amended answer and cross-petition alleging that the property in question passed by the laws of intestate succession to the heirs at law of Carrie Meier and Ernest Meier, subject to the rights of the answering defendant. By way of cross-petition he avers that Carrie Meier died seized of certain real estate which was formerly owned by her and her husband Ernest,

that Ernest and Carrie sold and agreed to convey to the cross-petitioner the undivided half interest of Ernest for a consideration named, but that Ernest and Carrie neglected to make a deed to him, and that the interest of Ernest descended to Carrie by deed of gift or devise.

For a second cause of action the cross-petitioner avers that Carrie died seized in fee simple of certain other real estate and personalty which passed to the heirs of Carrie, subject to the rights of the cross-petitioner.

It is further averred that in 1897 the cross-petitioner was born to Minnie Meier, then unmarried; that about thirty days after his birth, under a contract entered into between Minnie, his mother, and William and Carrie Meier, his mother surrendered to them his control and custody, relinquishing all claims and rights she had over him by way of motherhood, in consideration of which William and Carrie agreed to adopt the cross-petitioner and give him all the rights of a child in and to their respective estates and to make him their heir at law, so that he would inherit by law from each of them all property to which he would be entitled if he were the legitimate child of William and Carrie.

It is averred that Minnie, his mother, now deceased, performed all the agreements of the contract and surrendered the cross-petitioner to William and Carrie who reared him as their own son, but it is averred that they did not perform their part of the agreement with his mother, in that they did not cause the cross-petitioner to be adopted as their child, nor did they by will or otherwise provide for him so that he could inherit the property to which he would have been entitled if he had been the legitimately adopted child of William and Carrie.

The prayer is to the effect that the court declare him to be the equitable owner of all the real estatee and of the remainder of the personal property, that the heirs at law and next of kin of Carrie and Ernest (whom she married after the death of William) be declared to hold the title to the real

estate in trust for the cross-petitioner, and that his title be quieted against the claimants, etc.

Upon the issues made and at the conclusion of the testimony on behalf of Frederick, the other parties moved for an order dismissing his cross-petition. The court on consideration of this motion found that Frederick was not the legally adopted or sole heir of William and Carrie, and the motion was sustained.

Thereupon Frederick Meier gave notice of his intention to appeal on questions of law and fact to the Common Pleas Court so much of the cause as affects him, as appears in the final order of April 18, 1939, under favor of §10501-56 et seq GC (114 Ohio Laws, 336).

Thereafter appellant moved that the court reopen the cause and grant him leave to withdraw his cross-petition for the reason that the court had no jurisdiction of the subject-matter. This motion was overruled and it was ordered that the cross-petition be dismissed. The cause was lodged in the Common Pleas Court.

Thereupon the appellees in Common Pleas Court moved the court to dismiss the appeal on questions of law and fact, for the reason that the Common Pleas Court had no jurisdiction to entertain the appeal on questions of law and fact or to retain such appeal as an appeal on questions of law.

This motion was sustained and on December 20, 1939, Frederick Meier gave notice of appeal on questions of law from the judgment of the Court of Common Pleas, dismissing the appeal from the Probate Court as per entry of the 8th of December, 1939, and the cause was filed in this court.

The assignment of error is that the Court of Common Pleas erred in sustaining appellees' motion to dismiss the appeal filed by appellant from the Probate Court of Franklin County to the Common Pleas Court.

It is also urged that the Probate Court had no jurisdiction to determine the cause disclosed by the cross-petition.

Sec. 10509-95 GC, provides that "whenever property passes by the laws of intestate succession or under a will to a beneficiary or beneficiaries not named in such will, proceedings may be had in the Probate Court to determine the persons entitled to such property."

Sec. 10509-99 GC, provides that if the court shall be satisfied from the evidence, it shall find who are or were the heirs or next of kin of the decedent and entitled to inherit.

Sec. 10509-100 GC, provides that "whenever it shall be necessary for any other person to determine who are or were the heirs at law of a deceased person, the court may make a determination thereof."

The case was in the Probate Court for the purpose of determining who were the heirs. Frederick Meier asserted that by virtue of the contract between his mother and Carrie and William Mier he had an interest in the property, which was properly before the court in the settlement of the estate of Carrie Meier. We are of the opinion that Frederick was properly before the Probate Court upon his crosspetition, and that his claim could be considered and determined by the Probate Court under the provisions of §10509-95 GC.

Sec. 10501-56 GC, sets forth all of the orders, decisions or judgments of the Probate Court from which appeal may be prosecuted to the Common Pleas Court as provided in the Probate Code.

The court below sustained the motion to dismiss for the reason that in its opinion §10501-56 GC, does not include the determination of the Probate Court in the matter at issue, and that an appeal may not be taken by virtue of §10501-56 GC, from any order, decision or judgment of the Probate Court in the determination of the issues of heirship.

The chapter on appeals is covered by §12223-1 et seq. GC. Sec. 12223-3 GC (116 Ohio Laws 105), providing that appeals from Probate Courts shall be taken in the manner provided for by §10501-56 GC, makes that section of importance. Sec. 10501-56 GC, provides that appeal may be taken to the Common Pleas Court, from any order, decision or judgment of the Probate Court in the matters therein enumerated by a person against whom it is made. The cause so appealed shall be heard and decided in the Court of Common Pleas in the same manner as though that court had original jurisdiction thereof. The only appeal mentioned by that section that remotely touches the case at bar is from any order, decision or judgment of the Probate Court in settling the accounts of an executor.

The jurisdiction of the Common Pleas Court is fixed by statute.

The sole question presented to us is whether the appellant may, under the law, appeal on questions of law and fact from the Probate Court to the Common Pleas Court and thus secure a retrial of his case in the Common Pleas Court where his cause of action related to his claimed interest in the decedent's estate by virtue of the alleged contract between his mother and the decedent in reference to his adoption.

We do not intend to discuss in detail the cases cited and many others which we have examined, but will simply enumerate them for the benefit of those who may wish to pursue the case further. In re Guardianship of Watts, 60 Oh Ap 307, 21 N. E. (2d) 129; Miller v Miller, Admr., 3 Oh Ap 143; Linton v Williams, 23 Abs 340; Kirk v Lindsey, 19 Abs 505, opinion by Judge Hornbeck of this court; Ebersole v Schiller, Admr. 50 Oh St 701, 35 N. E. 793; Parker v Parker, 35 Oh Ap 321, 172 N. E. 450; Squire, Supt. v Bates, 132 Oh St 161, 5 N. E. (2d) 690; In re Estate of Hornjak, 133 Oh St 416, 14 N. E. (2d) 35; In re Estate of Logan, 133 Oh St 341, 13 N. E. (2d) 911; Devers v Schreiber, Exr. 50 Oh Ap 100, 197 N. E. 493.

The foregoing cases in the main are to the effect that appeal may be had on questions of law and fact from the Probate Court to the Court of Common Pleas only in the event that the subject of appeal falls strictly within the provisions of §10501-56 GC. There

are several cases under which it is claimed that this right of appeal should be liberally construed. **Trumpler, Admr. v Royer, 95 Oh St 194, 115 N. E. 1018; John, Gdn. v Shamansky, 18 Abs 675; Brown v Southern Ohio Savings Bk. & Trust Co., 22 Oh Ap 324, 153 N. E. 864; Sampson v Mattern, 18 Abs 693.** We do not in any way consider or determine the effect of the amendment of §10501-56 GC (118 Ohio Laws, —), effective June 26, 1939.

After giving careful consideration to all of these cases, as well as to the provisions of the statute and the purpose for which it was enacted, we are of the opinion that in the case █ at bar there could be no appeal on questions of law and fact under favor of §10501-56, GC, from the judgment of the Probate Court finding against the claim of the appellant.

Arriving at this conclusion, the judgment of the Court of Common Pleas in dismissing the appeal will be affirmed.

Judgment affirmed.

HORNBECK, PJ. & BARNES, J., concur.