OPINION
BY THE COURT:
This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of the appellee and against the appellant, which judgment was entered on an appeal on questions of law and fact from a judgment of the Probate Court.
*281 There are five errors assigned and considered in the briefs of the parties, the first of which is that the Common Pleas Court erred in overruling appellant’s motion for an order dismissing the appeal of William Varley from the Probate Court of Clark County to the Common Pleas Court of said county, upon the ground that the said Common Pleas Court had no jurisdiction of the case on appeal.
We, therefore, first give consideration to the above mentioned assignment of error because if it be determined in favor of the claim asserted by appellant, then the Common Pleas Court was without jurisdiction to enter the judgment appealed from and we need give no further consideration to the other errors assigned.
The proceeding in the Probate Court was instituted by an application of Mary Varley Geist, an heir-at-law of Thomas Varley, in v/hich it was asserted that Thomas Varley died on March 8, 1919, leaving a will and setting out the next-of-kin of the testator and the benefits under the will, and further that since 1922 William Varley had known of the existence of the will of Thomas Varley and of its contents and that he was named as a beneficiary therein and that from the date of the death of testator said William Varley had access to the will of Thomas Varley and that until said William Varley offered it for probate on April 9, 1938, he had custody and control of said will, and that all times prior to its probate, following the death of Thomas Varley, William Varley had it within his power to offer said will for probate; that he failed, neglected and refused to offer said will for probate or cause it to be offered and withheld it from probate- until April 9, 1938.
The prayer of the application was to determine and declare the effect of the failure and neglect of William Varley to cause the will of Thomas Varley to be offered for probate. The application came on for hearing. The Court found the averments of the application to be true and ordered and adjudged that the estate of Thomas Varley; descend to the heirs of Thomas Varley, not including William Varley. Notice of intention to appeal on questions o£ law and fact to the Court of Common Pleas of Clark County from the order and judgment of the Probate Court was duly given and the appeal perfected.
An anomalous situation appears in the record, in that the bill of exceptions was duly .prepared, allowed and signed by the Judge of the Probate Court and in the Common Pleas Court counsel for appellant tendered assignments of error which would have no place in am appeal on questions of law and fact. However, it appears from the bill of exceptions allowed in the Common Pleas Court that the cause was there presented de novo by stipulation upon the bill of exceptions filed in the Probate Court, and further testimony taken in Common Pleas Court, and the journal entry discloses that the court entertained the appeal as upon law and fact and entered an original judgment as upon such appeal.
So that, the question is clearly presented whether or not the Common Pleas Court had jurisdiction to entertain an appeal on questions of law and fact in the proceeding incident to the application of Mary Varley Geist, filed in the Probate Court. The application was for a declaratory judgment requiring the court to say whether or not William Varley by his failure to produce or cause the will of Thomas Varley, deceased, to be produced for probate made *282 him amenable to the penalties provided by one or both of §10542 GC, effective from the date of the death of Thomas Varley and through December 31, 1931, and §10504-14 GC, effective January 1, 1932, and thereafter.
The notice of appeal from the Probate Court was dated February 28, 1939. So that the Appellate Code, effective January 1, 1936, §12223-1, et seq., is controlling as to the right of appellee to appeal and the procedure controlling said appeal. Specifically, §12223-3 GC, is the controlling section and insofar as germane' provides,
“Every final order, judgment or decree of a court, * * *, may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of Probate Courts, * * * upon questions of law and fact shall be taken in the manner now provided for in §§10591-56 to 10501-61 GC,
'■ Thus by the terms of this section of the Code, appeals on questions of law and fact from the Probate Court to the Common Pleas Court are controlled by §§10501-56 to 10501-61. More specifically, §10501-56 GC, controls the appeal in the instant case. It provides—
“Appeal may be taken to the Common Pleas Court by a person against whom it is made, or whom it affects, from any order, decision or judgment of the probate court in settling the accounts of an executor, administrator, guardian and trustee, or of assignees, trustees, or commissioners of insolvents; from an order removing or refusing to remove an executor, administrator, guardian, assignee, trustees or other officer appointed by the probate court; or in proceedings for the sale of real estate to pay debts; or io change the allowance made by appraisers of an estate to a widow, minor child or children, for a year’s support; or against one suspected of having concealed, embezzled or conveyed away the property of dead persons; or in cases for the completion of real contracts, or in the administration by assignees, trustees or commissioners, of insolvent estates; or in proceedings to appoint guardians or trustees for idiots, lunatics, imbeciles or drunkards. The cause so appealed shall be tried, heard and decided in the court of common pleas in the same manner as though the court of common pleas had original jurisdiction thereof.”
It will be noted that there is no mention of any type of proceedings under which the application in this ease for declaratory judgment may be classified, either directly or indirectly. It is essential to an appeal under the section that specific authorization be found therein.
The brief of appellee suggests that the declaratory judgment required a construction of wills and other writings within the purview of §12102-4 GC, The Uniform Declaratory Judgment Act; that the effect of the order was to seek distribution of an estate under which the Court of Common Pleas has been held to have jurisdiction on appeal as distinguished from error, §10595-5 GC. Davis v Warner, 47 Oh Ap 495. But §10505-5 GC, was repealed, effective October 9, 1933, 114 O. L. 362, and would, therefore, be of no effect to assure appellee in this case the right of appeal on questions of law and fact under the new Appellate Code, which is controlling. Then, too, it is obvious that the distribution, of the estate of Thomas Varley, deceased, was not involved in the proceeding for declaratory judgment; nor did it require construction of the Varley will.
*283 The question presented is not new in this court and we are com-mitted to .the proposition that “appeal may be had on questions of law and fact from the Probate Court to the Court of Common Pleas only in the event that the subject of the appeal falls within the provisions of §10501-56 GC.” In re estate of Meier, Appellee, et al, v Meier, Appellant, et al, 65 Oh Ap, 425, and by other decisions, most of which are cited on page 430 of the Meier opinion.
We are urged by the brief of appellee to give consideration to the substantive rights of the appellee which will be lost if we should hold that the Court erred in overruling the motion of appellee in the Common Pleas Court to dismiss the appeal. Obviously, we are without power to invest the Common Pleas Court with appellate jurisdiction which it is not given by legislative enactment. Its appellate jurisdiction is fixed by law. Mattone v Argentina, 123 Oh St, 393, Pullman Co. v Automobile Ins. Co., 107 Oh St, 284, State v Bolensky, 20 Oh Ap 141, Kirk v Lindsey, 19 Abs 505. If it had no jurisdiction it could not entertain the appeal on questions of law and fact.
The court erred as claimed in the first assignment of error of appellant. The judgment will be reversed and cause remainded to the Common Pleas Court with instructions to sustain the motion to dismiss the appeal on questions of law and fact from the Probate Court and to remand proceedings to the Probate Court.
BARNES & HORNBECK, JJ., concur.
GEIGER, PJ., not participating.