## LINTON v WILLIAMS et

Ohio Appeals, 2nd Dist, Franklin Co

No 2704.  Decided Oct 13, 1936

James N. Linton, Columbus, and Henry F. Linton, Columbus, for appellee, for the motions.

Cowan, Adams & Adams, Columbus, for appellants, contra.

## OPINION

By HORNBECK, J.

Submitted on motions, one of which is to require the appellants to give security for costs for the reason that they are nonresidents of the County of Franklin. The other is to dismiss the appeal.

The first motion will be overruled because it appears that in the Channell estate there is a considerable sum of money due appellants on distribution and it ▮▮▮ has been provided by entry that any costs which may be assessed against appellants in this action in this court may be taken from the aforesaid sum.

The second motion questions the right of appellants to prosecute their appeal which has been designed in the notice of appeal as on questions of law—by direct proceeding from the Probate Court to this court.

It is asserted (1) that §10501-62 GC, a part of the Probate Code, is unconstitutional. This section provides:

"If a judge of a Probate Court who has the qualifications provided by law for judges of the Court of Common Pleas, provides for the taking of a complete record of any hearing upon any matter before such Probate Court so that a bill of exceptions or a complete record may be prepared as provided by law in Courts of Common Pleas, there shall be no appeal to the Court of Common Pleas, in any such case; but an appeal may be prosecuted to the Court of Appeals in all matters within its jurisdiction in the manner provided by law for the prosecution of other appeals to said court."

The transcript of the docket and journal entries and the bill of exceptions do not permit the application of §10501-62, GC. There is no certificate appearing in the record nor does it appear from any other source that the matter was heard in the Probate Court under the provisions of §10501-62 GC. The appellants, making no effort to bring this proceeding within the terms of the section, could not invoke its benefits nor do they claim any rights thereunder.

Appellants, however, urge that the right of appeal on questions of law is accorded to them under the Constitution and the statutes applicable to the judgment in this case which was entered in June of 1936, subsequent to the enactment of the new appellate code. We are, therefore, required to consider the question whether or not independent of §10501-62 GC the appellants have the right to prosecute their appeal on questions of law directly to this court from the Probate Court.

Counsel have briefed the matter pro and con and we have given considerable independent attention and application to the question presented. We have no case directly in point and those cited are only helpful inferentially. It thus becomes largely a matter of first impression upon which basis we are determining the question.

Counsel are in agreement that the Probate Court is a court of record. This fact is well established by the authorities. Crawford, Admr. v Zeigler, 84 Oh St 224; Children's Home v Fetter, 90 Oh St 110. Thus the Probate Court is one of the courts which by description is included in that part of Article 4, §6 of the Ohio Constitution defining the jurisdiction of Courts of Appeals. This section reads in part:

"Courts of Appeals shall have * * * jurisdiction * * * to review, affirm, modify or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law." (Emphasis ours).

The jurisdiction to hear, consider and determine error cases now appeals on questions of law, is clearly and affirmatively vested in the Court of Appeals by that portion of §6, Article 4 of the Constitution which we have quoted. To give application to the section there is then but one other question to determine, namely, has provision been made by law for such review.

The new appellate code sets up procedural steps for prosecuting appeal, one of which only is jurisdictional. The first section of the act, §12223-1, GC, defines appeal "to mean all proceedings whereby any court reviews or re-tries a cause determined by another court, administrative officer, tribunal or commission." The method of perfecting appeal is identical whether on questions of law or on questions of law and fact, and the time within which the notice of appeal shall be given, which is the one jurisdictional step, relates to §12223-7, (1) GC to "appeals to the Supreme Court, to Courts of Appeals or from Municipal Courts and from Probate Courts to Courts of Common Pleas * * *." The act further

contemplates that no matter how the appellant designates his appeal, he shall have a review if the jurisdictional steps are observed. Thus, if the notice indicates nothing more than that the proceeding is on appeal, the reviewing court ▮▮▮ may permit the true nature of the proceeding to be designated by amendment. §12223-5 GC. Likewise, if the appeal is designated appeal on questions of law and fact and it be determined that the appellant is ▮▮▮ not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for appeal on questions of law. §12223-22 (2) GC.

Sec 12223-27 GC provides:

"A judgment rendered or final order made by a Court of Common Pleas, Probate Court or by any other court of record or by a judge of any such courts may be reversed, vacated or modified upon an appeal on questions of law by the Courts of Appeals having jurisdiction in the county wherein the Common Pleas Court or other court of record is located for errors appearing on the record."

This section does little more than to restate the constitutional provision touching the jurisdiction on review of the Court of Appeals.

Sec 12223-3 GC provides:

"Every final order, judgment or decree of a court * * * may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of Probate Courts and of Justices of the Peace upon questions of law and fact shall be taken in the manner now provided for in §§10501-56 to 10501-61, GC, inclusive, and §§10382 to 10398 GC, inclusive respectively. §§10501-56 GC, et seq., refer to the Probate Court and §§10382 to 10398 GC refer to the Justice of the Peace Court."

The gist of this section is that appeals from judgments upon questions of law and fact, whether from the Probate Court or from the Justice of the Peace Court shall be taken in the manner provided in the sections set forth but this proviso is not controlling of appeals on law only.

The language "unless otherwise provided by law" is significant. The section contemplates that all orders, judgments or decrees shall be reviewed as in the Appellate Code provided, with the exceptions set forth in the statute and unless otherwise provided by law. ·

Secs 10501-56 to 10501-61 GC, inclusive, do provide otherwise than in the Appellate Code for review by statutory appeal but not on questions of law only.

It is apparent then from the sections heretofore quoted and observations made respecting them that the jurisdiction to hear and determine appeal on questions of law from the Probate Court is granted to the Courts of Appeals by the Constitution, and that provision is made by law for the necessary procedural steps to invoke the jurisdiction of that court in proceedings in error from the Probate Court to the Court of Appeals.

We are, therefore, of opinion that the appeal on questions of law is properly lodged in this court and that the motion to dismiss should be overruled.

Entry may be prepared accordingly and exceptions saved, if desired.

BARNES, PJ, and BODEY, J, concur.