## MILLIKAN v HOSTETLER

Ohio Common Pleas, Hamilton Co

Decided Sept 19, 1938

Oris E. Hamilton, Cincinnati, for plaintiff.

Robert F. Badgley, Cincinnati, for defendant.

### OPINION

By DEMPSEY, J.

This cause was originally filed by Jesse N. Millikan, of Yellow Springs, Ohio, against Emil Hostetler, a resident of the City of Cincinnati, in the court of Hon. Harold L. Hilton, Justice of the Peace in and for Columbia Township, Hamilton County, Ohio. Service was made on the defendant, personally, while within the limits of Norwood Township. The Justice also issued an order of attachment for the personal earnings of the defendant as a high school teacher in the employ of the Board of Education of the Norwood School District, which order of attachment was also served in Norwood Township.

Before hearing on the merits, defendant filed a motion to set aside the summons, dissolve the order of attachment, and to discharge the garnishee, expressly disclaiming thereby any intention of entering his appearance. That motion was overruled, and defendant immediately gave notice of appeal, as provided in §10259, **GC** whereupon the justice under §10260, **GC**, transmitted all the original papers to the clerk of this court for determination as though the matter had been originally brought here.

At the outset, we are met by the plaintiff's objection that this appeal is defective and should be dismissed; that this court has nothing properly before it for determination, inasmuch as no written notice of appeal, and no appeal bond, were ever filed. Defendant did not take those steps because he was proceeding in accordance

with §§10259 and 10260, GC, which require no bond at all, and only an oral notice of appeal. This latter was duly given and noted by the Justice of the Peace on his docket. Such was sufficient for the purposes of this appeal, if these two sections are still operative. Maxwell v Colling, 6 O. N.P. (N.S.) 551.

The plaintiff contends that they are not, but have been superseded by the provisions of the new Code of Appellate Procedure, §§12223-1 to 12223-49, GC. Thereunder, without a formal written notice, 'this matter could not be heard as an appeal on questions of law, §12223-4, GC; and without the further giving of a bond could not be treated as an appeal on questions of law and fact, §12223-6, GC.

Our problem is whether or not an appeal from the action of a Justice of the Peace in overruling a motion to dissolve an attachment is still governed by §§10259 and 10260, GC, as was the case prior to the adoption of the Appellate Procedure Act, or is now within the purview of that legislation. The solution thereof depends principally upon the language and meaning of §12223-3, GC, which reads as follows:

"Every final order, judgment or decree of a court and, when provided by law, the final· order of any administrative officer, tribunal or commission, may be reviewed as hereinafter provided, **unless otherwise provided by law,** except that appeals from judgments of Probate Courts and of Justices of the Peace upon questions of law and fact shall be taken in the manner now provided for in §§10501-56 to 10501-61, GC, inclusive, and §§10382 to 10398, GC inclusive, respectively. (Emphasis ours).

That section contemplates that all orders, judgments or decrees shall be reviewed as provided in the Appellate Code, subject, however, to the exceptions therein specifically set forth, and **unless otherwise provided by law.** Linton v Williams, 23 Abs 340.

It is quite clear therefrom that the Appellate Code has no application to appeals from Justices of the Peace on questions of law and fact. Such are still to be taken under §§10382 to 10398, GC, inclusive, which require an appeal bond. Nor is it applicable to appeals from Justices of the Peace on questions of law, if and when other procedure therefor has been provided by the General Code. The exception as to appeals from Justices of the Peace on questions of law and fact has no bearing upon 'this proceeding. It does not come within that category, inasmuch as it does not involve a trial de novo on the facts. Cartmell v Wurlitzer, 5 O.N.P. (N.S.) 604; Beardsley v Zacharias, 19 O.C.C. 637; Rogers v Pruchansky, 3 O.C.C. (N.S.) 366; Williams v McCartney, 10 O.C.C. (N.S.) 161.

This is a summary proceeding by way of appeal on questions of law, (to use the new nomenclature) set up for the prompt protection of the rights involved. It is a special remedy provided to meet the needs of a particular situation. With regard to it, the language of the third clause of §12223-3, GC, "unless otherwise provided by law," is quite significant. The Legislature has certainly provided here under §§10259 and 10260, GC, a definite method of appeal from the action of a Justice of the Peace upon a motion to dissolve an attachment. Therefore the Appellate Code is not applicable to this particular proceeding, and §§10259 and 10260, GC, are still in·full force and effect. Accordingly this so-called "three day appeal," without bond, and with only an oral notice of appeal, is properly before this court for determination.

Now we come to the real question raised by this appeal; whether or not the Justice of the Peace had jurisdiction in this attachment proceeding.

At the time the action was begun the defendant was a resident of Cincinnati.

The action was brought in Columbia Township in the court of a Justice of the Peace elected for that township. The service of summons upon the defendant, and upon the .garnishee, was made in Norwood Township, which, just a short time before, had been constituted out of that portion of the original Columbia Township which was comprised within the municipal limits of the City of Norwood.

The jurisdiction of a Justice of the Peace is a very limited one, both as to subject matter and as to territory. As a general principle, that jurisdiction is restricted to the township in which the Justice of the Peace resides and for which he was elected. §§1711-1 and 10223, GC.

Under certain circumstances, as prescribed by statute a Justice of the Peace has jurisdiction beyond the limits of his township, but to exercise such validly there must be a strict compliance with the terms of the legislation granting same. K. B. Co. v Brennan, 11 O.N.P. (N.S.) 657, at 660 and 661; Steele v Karb, 78 Oh St 376, at 383 and 384.

Under **paragraph 7 of §10224, GC,** a Jus-

tice of the Peace, excepting in Cuyahoga, Franklin and Mahoning Counties has jurisdiction within, and co-extensive with. his county in attachment cases, where the defendant resides within the township for which the Justice of the Peace was elected, or where the Justice of the Peace has jurisdiction over the defendant, though a non-resident of that township, as provided in §10225, GC. Kelly v Flanagan, 20 O.C.C., 291; Collins v Bingham, 22 O.C.C. 533; Doran v Collins, 8 O.N.P. (N.S.) 169; Mulholland v Berlinsky, 3 O.L.R. 350;. Rogers v Pruchansky, 3 O.C.C. (N.S.) 366.

Said section §10225 GC specifies under just what circumstances a non-resident of a township for which a Justice of the Peace was elected may be brought within his jurisdiction in a civil matter.

Paragraph 1 thereof states that a Justice of the Peace may have such jurisdiction of a defendant, non-resident of his township, when there is no Justice of the Peace for the township in which said defendant resides. That provision, however has no application to this case, inasmuch as the jurisdiction of a Justice of the Peace Court is exercised by the Municipal Court of Cincinnati in the area in which the defendant has his residence. §1558-6, GC. State ex v Cushing, 25 O.C.C. (N.S.) 11.

The only other pertinent provision of §10225, GC, is paragraph 4 thereof, which provides that in attachment cases, "except as otherwise specially provided," the Justice of the Peace has jurisdiction of non-resident defendants, co-extensive with his county. That phrase, "except as otherwise specially provided," as contained in said paragraph 4 of §10225, GC, has direct reference to such limiting enactments as that portion of paragraph 7 of §10224, GC, which confines the jurisdiction of Justices of the Peace in attachment cases in Cuyahoga, Mahoning and Franklin Counties, to the respective townships for which they were elected. Forbes v Bolton, 20 N.P. (N.S.) 449; State ex Buchtel v Hawkins, J. P., 99 Oh St 1.

There is a similar restrictive provision as to Justices of the Peace in Hamilton County in §1558-41, GC, part of the act which set up the Municipal Court of Cincinnati. In Re Hesse, 93 Oh St 230; 1937 O.A.G. No. 1652, Vol. XLVI Dept. Reports 272.

The pertinent provisions of that section are as follows:

"No Justice of the Peace in any township in Hamilton County * * * in any proceeding, whether civil or criminal, in which any warrant, order or arrest, summons, order of attachment or garnishment, or other process, except subpoena for witnesses shall have been served upon a citizen or resident of Cincinnati * * * shall have jurisdiction, unless such service be actually made by personal service within the township * * * in which said proceedings may have been instituted. * * *."

The clear meaning of that section, when read in conjunction with §§10223, 10224, par. 7; and 10225, par. 4, GC as above discussed, is that a Justice of the Peace in Hamilton County has no jurisdiction, even in an attachment suit, against a defendant, resident within the City of Cincinnati, unless he obtains personal service on such defendant within the township for which he was elected and wherein the action has been commenced.

Such was not the state of facts in this matter. Here the suit against the defendant was brought in Columbia Township before a Justice of the Peace who was elected for that township; service was made on the defendant, a resident of Cincinnati, personally, within the confines of Norwood Township. It is true that, at the date of the election of said Justice of the Peace, the entire area, which now comprises the new Norwood Township, was part of Columbia Township. At the date of the service of summons on the defendant, however, the municipality of Norwood had become a separate township, distinct from the rest of the original Columbia Township. By reason thereof said Justice of the Peace lost his rights and jurisdiction, as such officer, in that particular territory which forms the new Norwood Township, although he retained the same unimpaired in what remained of Columbia Township. §1712, GC. State ex Ives v Choate, 11 Ohio 511; State ex Hartshorn v Walker, 17 Ohio 135; 1928 O. A. G. No. 2008, Vol. II, page 984; 1928 O.A.G. No. 2164, Vol. II, page 1273; 1930 O.A.G., No. 1550, Vol. I, page 305.

Thus, this action had origin in Columbia Township, and not in Norwood Township, so there was no service of summons on the defendant, personally, within the township in which the suit had been instituted as required by §1558-41, GC, for a resident of Cincinnati. Hence the Justice of the Peace had no jurisdiction; the motion to

dissolve the attachment was well taken; and said motion should have been, and is hereby, now, granted.