## SMITH, TRUST OF, In Re

Ohio Appeals, 2nd Dist, Franklin Co

No 2928.   Decided September 24, 1938

Fred L. Rosemond, John M. Vorys, L. R. Pugh, James A. White, H. B. Arnold, Jr., and C. A. McCleary, all of Columbus, for residuary beneficiaries.

Carl Tresemer, Columbus, for Sarah E. Smith, appellant.

John A. Connor, Columbus, for appellee.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on three motions as follows:

(1)   Motion of five religious and welfare corporations, all claiming to be residuary beneficiaries of the trust in question, which motion is set out in five separate and distinct demands.

(2)   A supplemental motion filed by these same residuary beneficiaries; and

(3)   Motion of Sarah E. Smith, appellant, to strike from the files all motions of the residuary beneficiaries.

Oral argument has been presented at great length.

In the interest of brevity and an early decision we are refraining from making a statement of facts in the case. Attorneys for all interested parties are thoroughly familiar with the history of the case. The five grounds of the motion made by the residuary beneficiaries are as follows:

Motion 1.   To dismiss this appeal on questions of law because of the pendency in said Court of Common Pleas of said appeals hereinbefore described including the same matters and issues, and between the same parties, as in the appeal at bar, and because both of law and right, said appeals on questions of law and fact so pending in said Court of plenary jurisdiction should, and do, preclude the concurrent appeal at bar upon questions of law.

Motion 2.   If it be claimed and held that the undersigned, or any of them, are not parties to the record and to this appeal at bar, then that leave of this court be given that the undersigned, or some of them as the case may be, to instanter become parties herein, with leave to file and present these motions.

Motion 3.   To dismiss the appeal at bar for non-compliance with Rule VII of this court, because notice of appeal herein was filed April 19, 1938, yet appellant did not file within fifty days therefrom his assignment of errors or his brief, the same not having been filed until June 17, 1938.

Motion 4.   If said motions to dismiss be overruled then, in the alternative, reserving their exceptions respectively, the undersigned move this court to stay all proceedings herein until final disposition of the subject matter of said appeals to said Court of Common Pleas be made in said Court, or in any other to which the same, or either of them, may lawfully come.

Motion 5.   If the preceding motions be overruled then, reserving their respective exceptions, that leave be given to the undersigned, and each of them, to be heard as amici curiae as to any

and all matters arising in the appeal at bar including these motions.

The supplementary motion of these residuary beneficiaries sets forth the additional fact that since the filing of the original motion they have taken such additional procedural steps as to perfect their appeal in the Common Pleas Court.

Appellant's motion to strike the motion of the beneficiaries from the file is predicated upon the ground that they are not parties to the action nor do they have the right to be made such. The trustee of the estate of Thomas F. Smith is Mr. Henry Binns. Sarah E. Smith is a beneficiary under the estate and thereby claims to be an interested party so as to permit her to appeal from the judgment of the Probate Court of Franklin County, Ohio, allowing Mr. John A. Connor attorney fee in the sum of $4000.00 payable from the trust. None of the other residuary beneficiaries joined in the appeal nor did they make independent appeals in this court. The appeal to this court is on question of law and therefore will be determined as an error proceeding on the record made in the Probate Court.

It is our conclusion that the five residuary beneficiaries are not and do not have the right to be made parties to the proceeding in this court. We base this conclusion on the principle that in trust estates the legal ownership of the trust assets is in the trustee. 23 C. J., 1172.

Under certain situations affected parties may make appeals by reason of their interest being adverse to that of a judgment appealed from. The taking of such appeal by an affected party does not have the effect of bringing in all other beneficiaries that may be similarly affected.

The appeal is limited to those who take the necessary procedural steps to perfect their appeal. It therefore follows that these five beneficiaries are not parties nor do they have the right to be made parties in this proceeding.

The motion of counsel for appellant to dismiss will be allowed, excepting as to motion No. 5. Arriving at the conclusion that motions of the residuary beneficiaries should be dismissed, it removes from consideration the question as to whether or not the appeal taken to the Common Pleas Court supersedes or takes away the right of appeal to this court. In our judgment the only person entitled to raise this question would be John Connor who may be appropriately designated as the appellee. However, we might say that we have examined the question and at the present moment are inclined to the view in the opinion of this court in the case of **Linton v Williams, 23 Abs 340.**

The application of counsel for the residuary beneficiaries to file brief amici curiae will be allowed.

Entry may be drawn in accordance with this opinion.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.